IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case Number_____ |
| | ) | |
| **DAVIS ADAMS and HARPETH** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | JURY DEMAND |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

# COMPLAINT

1. Plaintiff, John Doe, through his undersigned attorneys, states as follows:

## INTRODUCTION

2. This action arises from Davis Adams's and Harpeth Entertainment Group, Inc.'s ("Harpeth," and collectively "Defendants") unlawful dissemination of sexually explicit videos featuring Plaintiff without his consent, in direct violation of 15 U.S.C. § 6851.

3. In 2020, Davis Adams fraudulently induced Plaintiff into participating in private sexual encounters by falsely assuring him that any recordings would remain private. Unbeknownst to Plaintiff, Davis Adams and his spouse operated a pornography website through their corporation, Harpeth, and systematically uploaded explicit videos of Plaintiff to multiple user-generated adult content platforms without his consent.

4. Plaintiff discovered in 2023 that Davis Adams had posted these videos for commercial gain, exposing Plaintiff's private and intimate activities to the public without authorization.

1

5. As a result of Defendants' unlawful conduct invading Plaintiff's privacy, Plaintiff has suffered significant harm, including emotional distress. Plaintiff seeks compensatory damages, statutory liquidated damages of $150,000, attorneys' fees and costs, and all other relief that this Court may deem just and proper as provided under 15 U.S.C. § 6851.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

7. This Court has personal jurisdiction over the Defendants, who are citizens of Tennessee and subject to the personal jurisdiction of its courts.

8. Venue for this matter is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) or (b)(2), as the Defendants are residents of Williamson or Maury Counties, Tennessee and a substantial part of the events giving rise to Plaintiff's cause of action occurred in this district.

## PARTIES

9. Plaintiff JOHN DOE is an individual residing in Davidson County.

10. Defendant DAVIS ADAMS is an individual residing in Williamson or Maury County, Tennessee. Upon information and belief, Davis Adams is a controlling shareholder and a director or officer of Harpeth, making him an agent of Harpeth.

11. Defendant Harpeth is a corporation organized under the laws of the State of Tennessee, with its principal place of business located at 4009 Ohallorn Drive, Spring Hill, Tennessee 37174-4202. Its registered agent is Janice Adams located at 4009 Ohallorn Drive, Spring Hill, Tennessee 37174-4202. Harpeth is currently administratively dissolved.

## JURY DEMAND

12. Plaintiff demands a jury as to all claims so triable.

## FACTUAL ALLEGATIONS

13. Plaintiff met Davis Adams on Tinder during the COVID-19 pandemic in 2020.

14. Davis Adams proposed that Plaintiff engage in sexual acts with Davis Adams's wife while Davis Adams recorded the encounters.

15. Before agreeing, Plaintiff expressly inquired whether the videos would ever be made public. Davis Adams assured Plaintiff that the recordings were solely for private use, stating, "[a]bsolutely not. Again, we own two daycares. Nothing to gain putting them up online."

16. Relying on Davis Adams's assurances, Plaintiff agreed to participate in private encounters with him and his wife in 2020 and 2021, without any compensation.

17. Unbeknownst to Plaintiff, Davis Adams and his wife, through Harpeth, operated a pornography enterprise and uploaded the recordings of Plaintiff to multiple adult content platforms, including Defendants' website, "bestcouplearound.com," as well as OnlyFans and Redgif.

18. The videos featuring Plaintiff were publicly posted under titles such as: "CHEERLEADER MFM," "BlackNightieMFM," "WhiteShort MFM," "VandycheerleaderMFM," "Vandyguy MFM."

19. Plaintiff did not discover that Davis Adams had posted these recordings online until 2023.

20. After learning of the unlawful dissemination, Plaintiff, through counsel, sent multiple demand letters to Defendants requesting immediate removal of all videos featuring Plaintiff, and in late 2024, Defendants appeared to finally remove the videos from all websites

3

where Defendants had posted them.

## COUNT I
## Disclosure of Intimate Images
## (15 U.S.C. § 6851)
## (Against all Defendants)

21. Plaintiff realleges the allegations set forth above as though fully set forth herein.

22. A claim under the Violence Against Women Reauthorization Act (VAWRA) requires: (1) an intimate visual depiction, (2) disclosure in interstate or foreign commerce, (3) nonconsensual disclosure, and (4) disclosure by the defendant. 15 U.S.C. § 6851(b)(1)(A).

23. An intimate visual depiction under the VAWRA means "a visual depiction, as defined in section 2256(5) of title 18 that depicts—the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or the display or transfer of bodily sexual fluids—on to any part of the body of an identifiable individual; from the body of an identifiable individual; or an identifiable individual engaging in sexually explicit conduct." 15 U.S.C. § 6851(5)(A).

24. Also, in 15 U.S.C. § 6851, the depicted individual is "an individual whose body appears in whole or in part in an intimate visual depiction and who is identifiable by virtue of the person's face, likeness, or other distinguishing characteristic, or from information displayed in connection with the visual depiction." 15 U.S.C. § 6851(3).

25. Sexually explicit conduct means "actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between person of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A) (incorporated by reference in 15 U.S.C. § 6851(a)(6)).

26. Here, intimate visual depictions of Plaintiff were posted on

4

"bestcouplearound.com," as well as OnlyFans and Redgif, all of which are websites that operate in interstate commerce. The photos and videos identify Plaintiff by showing his face and likeness. The videos also show Plaintiff's genitalia and pubic area, and they show him engaged in sexually explicit conduct in the form of actual genital-genital sexual intercourse.

27. Under the VAWRA, disclose means "to transfer, publish, distribute, or make accessible." 15 U.S.C. § 6851(4). The intimate visual depictions of Plaintiff were disclosed in interstate or foreign commerce when they were posted on by Defendants on their website "bestcouplearound.com," as well as OnlyFans and Redgif.

28. Under the VAWRA, consent means "an affirmative, conscious, and voluntary authorization made by the individual free from force, fraud, misrepresentation, or coercion." 15 U.S.C. § 6851(a)(2).

29. Also, in 15 U.S.C. § 6851, the fact that the Plaintiff consented to the creation of the intimate visual depiction does not establish the Plaintiff's consent to the distribution of the intimate visual depiction. Further, the fact that the Plaintiff disclosed the intimate visual depiction to someone else does not establish the Plaintiff's consent to further disclosure of the intimate visual depiction by the Defendants. 15 U.S.C. § 6851(b)(2)(A)-(B).

30. The disclosure of the intimate visual depictions of Plaintiff was nonconsensual as they were published on the internet without Plaintiff's affirmation or authorization.

31. Defendants knew that Plaintiff did not consent to any disclosure of the intimate visual depictions, as evidenced by Plaintiff's express inquiry regarding whether the videos would ever be made public and Defendants' assurance to Plaintiff that the recordings were solely for private use, stating, "[a]bsolutely not. Again, we own two daycares. Nothing to gain putting them up online."

5

32. Despite the fact that the intimate visual depictions of Plaintiff were apparently made for commercial pornography, Plaintiff's participation in the making of these images and videos was procured by fraud and misrepresentation.

33. As a direct and proximate result of Defendants' actions, Plaintiff has suffered actual damages in an amount to be proven at trial.

34. Plaintiff also seeks statutory damages in the amount of $150,000 and an award of his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 6851(b)(3)(A)(i).

35. Additionally, if there are any intimate visual depictions of Plaintiff remaining on the internet, Plaintiff seeks an injunction ordering Defendants to cease display or disclosure of the visual depictions pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii).

## COUNT II
### Negligent Infliction of Emotional Distress
### (Against all Defendants)

36. Plaintiff realleges the allegations set forth above as though fully set forth herein.

37. Defendants owed Plaintiff a duty to act with reasonable care and to refrain from conduct that created an unreasonable risk of emotional harm.

38. Defendants breached this duty by unlawfully publishing intimate visual depictions of Plaintiff on the internet without his consent.

39. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional distress, including humiliation, mental anguish, and emotional trauma.

## COUNT III
### Intentional Infliction of Emotional Distress
### (Against all Defendants)

40. Plaintiff realleges the allegations set forth above as though fully set forth herein.

41. Defendants knowingly and intentionally published intimate visual depictions of

Plaintiff on the internet without his consent.

42. The nonconsensual publication of sexually explicit material is extreme and outrageous conduct that exceeds the bounds of decency and is intolerable in a civilized society.

43. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including humiliation, mental anguish, and emotional trauma.

## COUNT IV
### Invasion of Privacy (Public Disclosure of Private Facts)
### (Against all Defendants)

44. Plaintiff realleges the allegations set forth above as though fully set forth herein.

45. Plaintiff's private sexual activity with Davis Adams's wife was a matter of personal privacy and not intended for public disclosure.

46. Defendants willfully and unlawfully published visual depictions of Plaintiff's private sexual acts on the internet without his consent.

47. The nonconsensual publication of such intimate material to a worldwide audience would be highly offensive to a reasonable person.

48. Plaintiff's private sexual activity is not a matter of legitimate public concern.

49. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including humiliation, mental anguish, and emotional trauma.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant the following relief:

A. An award of actual and compensatory damages;

B. An award of statutory damages of $150,000.00 against Defendants for each and every video containing an intimate depiction of Plaintiff that Defendants published;

C. An award of Plaintiff's reasonable attorneys' fees and costs; and

D. An award of any other relief this Court deems just and proper.

DATED: June 26, 2025.

                                          Respectfully Submitted,

By: */s/ David Goldman*
     Seamus T. Kelly, Esq. (TN BPR# 032202)
     David J. Goldman, Esq. (TN BPR# 035151)
     Deji Adeniyi, Esq. (TN BPR# 042551)
     Music City Law, PLLC
     1033 Demonbreun St., Ste. 300
     Nashville, TN 37203
     (615) 200-0682
     seamus@musiccityfirm.com
     david@musiccityfirm.com
     deji@musiccityfirm.com

     *Counsel for Plaintiff*