IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case Number_____ |
| | ) | |
| DAVIS ADAMS and HARPETH | ) | |
| ENTERTAINMENT GROUP, INC., | ) | JURY DEMAND |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## **PLAINTIFF'S MOTION TO PROCEED UNDER A PSUEDONYM**

### I.  INTRODUCTION

This case involves the non-consensual dissemination of intimate images—more commonly known as "revenge porn'—by the Defendants. The Plaintiff, John Doem seeks relief under 15 U.S.C. § 6851, et seq., which includes a provision expressly permitting courts to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). For the reasons detailed below, the Plaintiff should be permitted to proceed pseudonymously.

### II.  LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires "[t]he title of the complaint must name all the parties[.]" [sic] "Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981); and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)). Thus, "[t]his [rule] creates a strong presumption in favor of parties' proceeding in their own names." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

A plaintiff can overcome this presumption and proceed anonymously if the court determines "plaintiff has a substantial privacy right which outweighs the customary

and constitutionally[]embedded [sic] presumption of openness in judicial proceedings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Personal embarrassment alone is not [sic] for leave to proceed anonymously. *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) (quoting *Frank*, 951 F.2d at 324). Courts must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (emphasis in original) (citing *Wynne & Jaffe*, 599 F.2d at 713).

*Doe v. Ghiorso*, No. 2:24-CV-57, 2024 WL 3511641, at *1 (S.D. Ga. July 23, 2024).

Applying these considerations under the relevant Sixth Circuit standard, courts:

[M]ay excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They *include*: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)) (emphasis added). These considerations are not exhaustive, *see e.g., Doe v. Bruner*, NO. CA2011-07-013, 2012-Ohio-761, ¶ 7 (Ohio Ct. App. Feb. 27, 2012) ("the sixth circuit's [sic] list of considerations are non-exhaustive"), as other courts in addition to the foregoing, also consider whether the plaintiff would risk suffering injury if identified and whether the defending party in a lawsuit brought under a pseudonym would be prejudiced. *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

### III. ARGUMENT

Plaintiff has a substantial right to privacy under 15 U.S.C. § 6851, and Plaintiff's right to privacy substantially outweighs the presumption of open judicial proceedings. While some of the factors are inapplicable to this case, several factors weigh in favor of finding that Plaintiff's right to privacy substantially outweighs the presumption in favor of public identification of litigants.

First, Plaintiff will be compelled to disclose information "of the utmost intimacy." Plaintiff's claims involve matters of the most intimate and sensitive nature—nonconsensual disclosure of videos revealing sexually explicit conduct between Plaintiff and Davis Adams's wife pursuant to a private arrangement. If Plaintiff is not allowed to proceed pseudonymously in this lawsuit, he will be compelled to disclose highly personal information about these sexually explicit videos. Consequently, Plaintiff has a substantial right to privacy in such matters under 15 U.S.C. § 6851, *Ghiorso*, 2024 WL 3511641, at *2, without a significant public interest in knowledge of or access to such matters. *Doe v. Willis*, No. 23-cv-2171, 2023 U.S. Dist. LEXIS 188787, at *3 (D. Colo. Sept. 22, 2023) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). Accordingly, this factor weighs in favor of finding that Plaintiff has overcome the presumption of open judicial proceedings.

Second, the injury litigated against would be incurred as a result of the disclosure of Plaintiff's identity. Plaintiff has already suffered extreme public embarrassment since Defendants published the explicit videos of Plaintiff on Defendants' website. A pseudonymous proceeding by Plaintiff is appropriate here because further revelation of Plaintiff's identity will plainly incur, and thus compound, the very harm he already has suffered as a result of Defendants' disclosures. Courts recognize that where revealing a plaintiff's identity would exacerbate the harm alleged in the lawsuit, pseudonymity is warranted. *See Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 66 (1st Cir. 2022) ("Once the litigant's true name is revealed on the public docket, the toothpaste is out of the tube and the media or other interested onlookers may take notice in a way that cannot be undone.").

Furthermore, as a Tennessee crime victim, Plaintiff possesses substantive state constitutional and statutory rights to be treated with dignity and compassion and to be free from

3

Case 3:25-cv-00709    Document 6    Filed 06/27/25    Page 3 of 5 PageID #: 20

harassment. *See* Tenn. Const. art. I, § 35 ("Victims shall be entitled to . . . the right to be free from intimidation, harassment, and abuse."); Tenn. Code Ann. § 40-38-102(a)(1) ("All victims of crime and prosecution witnesses have the right to: (1) be treated with dignity and compassion."). Thus, allowing Plaintiff to proceed pseudonymously would ameliorate the harm at issue in this case, and consequently shifting this factor in favor of finding that Plaintiff has overcome the presumption of open judicial proceedings.

Third, Davis Adams and Harpeth are not prejudiced in anyway if Plaintiff is allowed to proceed under a pseudonym, as Defendants are aware of Plaintiff's identity. The nature of the parties' encounters proves Defendants' awareness of Plaintiff's identity. Specifically, the demand letter, complaint filed in this case, and this Motion contain specific facts that identify the circumstances surrounding this lawsuit, especially the parties involved, including the Plaintiff here. Furthermore, Plaintiff is also willing to contact Defendants directly in the event that Defendants claim a lack of knowledge as to Plaintiff's identity. Because Defendants already know Plaintiff's identity and have full knowledge of the claims, there is no risk of unfair prejudice to them, and this factor weighs in favor of granting Plaintiff's request for pseudonymity.

Fourth, it was Congress's intention to preserve the anonymity of plaintiffs in section 6851 cases. Congress explicitly contemplated that plaintiffs bringing claims under 15 U.S.C. § 6851 could proceed under a pseudonym. The statute states that courts "may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). Accordingly, most courts grant section 6851 requests to proceed anonymously under similar circumstances. *C.V. v. Carminucci*, No. 2:24-CV-2096, 2024 WL 3983007, at *2 (D.N.J. Aug. 28, 2024) ("Here, the Court finds good cause to allow Plaintiff to proceed under a pseudonym [because] Plaintiff's lawsuit seeks relief under 15 U.S.C. § 6851."). *See also Doe v. Williams*, No.

3:24-CV-165, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024) ("The Court has examined the few § 6851 cases addressing this issue, and none denied the request to proceed under a pseudonym."); *Ghiorso*, 2024 WL 3511641, at *2 (granting the plaintiff's motion on the finding that the plaintiff had a substantial right to privacy which outweighed the customary presumption of judicial openness); *Doe v. Unknown Party*, No. CV-24-00252, 2024 U.S. Dist. LEXIS 21835, at *9 (D. Ariz. Feb. 7, 2024) (allowing the plaintiffs to proceed under pseudonyms pursuant to 15 U.S.C. § 6851(b)(3)(B) because allowing preserving plaintiff's anonymity outweighed any prejudice to the other parties and the public's interest in knowing the identity of the parties); and *Doe v. Willis*, No. 23-CV-2171, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023) ("plaintiff should be permitted to proceed pseudonymously.").

Because Congress expressly contemplated pseudonymous proceedings in § 6851 cases, and because federal courts overwhelmingly allow plaintiffs to proceed under pseudonyms in such cases, this factor further supports granting the motion.

### IV. CONCLUSION

Based on the foregoing—and because none of the other factors apply in this case: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (3) whether the plaintiffs are children—Plaintiff's request to proceed under a pseudonym should be granted.