JOHN DOE,

    Plaintiff,

v.

DAVIS ADAMS et al.,

    Defendants.

Case No. 3:25-cv-00709

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

## ORDER

Plaintiff John Doe filed this civil action alleging that Defendant David Adams and his spouse, Katrina Huckerby, unlawfully disseminated sexually explicit videos of Doe through their corporation, Defendant Harpeth Entertainment Group, Inc. ("Harpeth") in violation of 15 U.S.C. § 6851. (Doc. No. 1.) On June 27, 2025, Doe moved for leave to proceed in this action under a pseudonym due to the risk that his identity could be revealed and intimate and sensitive details about him be disclosed. (Doc. No. 6.) However, Doe initially failed to satisfy Local Rule 5.01 in filing the motion and the Clerk's Office ordered him to file a certificate of service conforming with the local rules. Doe subsequently filed the same motion, though styled as an amended motion, with an attached certificate of service. (Doc. No. 8.) As a result, the amended motion for leave to proceed under a pseudonym is the operative motion for this order.

Neither defendant responded to the motion and therefore the motion is deemed unopposed. M.D. Tenn. Rule 7.01(a)(3) (response to motions). However, permitting pseudonymity is exceptional relief and the Court finds it appropriate to consider Doe's request independent of the lack of opposition. For the reasons that follow, Doe's motion for leave to proceed under a

pseudonym (Doc. No. 8) will be granted and Doe's original motion (Doc. No. 6) will be denied as moot.

## I.        Relevant Background

In his complaint, Doe alleges that Adams "fraudulently induced [Doe] into participating in private sexual encounters by falsely assuring him that any recordings would remain private." (Doc. No. 1 at 1.) However, Doe discovered sometime in 2023 that Adams and his spouse, later named in this action as Katrina Huckerby, "operated a pornography website" through Harpeth and had been posting videos in which Doe appeared on "multiple user-generated adult content platforms" without Doe's consent and for commercial gain." (*Id.*)

Doe avers that, after discovering that the videos had been published online, he sent multiple demand letters through counsel requesting immediate removal of the videos in which Doe appeared. (Doc. No. 1.) Adams purportedly removed the videos from all relevant websites by late 2024. (*Id.*) Ultimately, Doe filed suit in this Court on June 26, 2025, alleging violation of the Violence Against Women Reauthorization Act, 15 U.S.C. § 6851(b)(1)(A), for the disclosure of intimate images (colloquially referred to as "revenge porn"); negligent and intentional infliction of emotional distress, and invasion of privacy. (*Id.*) On February 10, 2026, before any of the defendants appeared, Doe amended his complaint to name Huckerby as a defendant. (Doc. No. 21.)

Doe filed his original motion to proceed pseudonymously the day after filing his complaint (Doc. No. 6) and the operative amended motion on July 2, 2025 (Doc. No. 8). At this time, only Huckerby has made an appearance, but she was only named and made her appearance well after the deadline to oppose the instant motion. Accordingly, Doe's amended motion to proceed under a pseudonym is unopposed.

## II.       Legal Standard

Federal Rule of Civil Procedure 10(a) generally requires that "a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). Naming all parties to litigation "'is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings.'" *Doe v. Lee*, Case No. 3:22-cv-00569, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023) (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (recognizing "a 'strong presumption in favor of openness' as to court records" (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))). "'Identifying the parties to the proceeding is an important dimension of publicness'" because "'[t]he people have a right to know who is using their courts.'" *Lee*, 2023 WL 2587790, at *2 (quoting *Ericksen v. United States*, CASE NO. 16-cv-13038, 2017 WL 264499, at *1 (E.D. Mich. Jan. 20, 2017)).

Courts may, however, "excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. In *Porter*, the Sixth Circuit directed courts considering motions to use pseudonyms to weigh several factors, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Stegall*, 653 F.2d at 185). "[A] plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision." *Doe #11 v. Lee*, NO. 3:22-cv-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023). "Courts may also consider other factors, such as whether the plaintiff would risk

3

harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them 'to proceed with insufficient information to present their arguments . . . .'" *Lee*, 2023 WL 2587790, at *2 (alteration in original) (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)). Ultimately, the decision of whether to grant leave to proceed under a pseudonym lies within the discretion of the court. *Porter*, 370 F.3d at 560.

**III.     Analysis**

Specific to the factors set forth in *Porter*, Doe concedes that of the four enumerated factors, only one factor—whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"—is implicated in this action. (Doc. No. 8.) However, Doe asserts that other factors as set out in *Lee* weigh in favor of pseudonymity. (*Id.*)

**A.     Disclosure of Information of "Utmost Intimacy"**

Doe's first argument in favor of pseudonymity maintains that, in prosecuting this action, he will be compelled to disclose information "of the utmost intimacy" because his claims "involve matters of the most intimate and sensitive nature—nonconsensual disclosure of videos revealing sexually explicit conduct between [Doe] and Huckerby pursuant to a private arrangement." (Doc. No. 8, PageID# 27.) Generally, courts are advised to construe what constitutes information of the "utmost intimacy" narrowly because of the preference for open judicial proceedings. *Poe v. Lowe*, 756 F. Supp. 3d 537, 545 (M.D. Tenn. 202) (citing *Kaltenbach v. Hilliard City Schs.*, No. 2:23-CV-187, 2023 WL 3023020, at *1 (S.D. Ohio Apr. 20, 2023)).

In cases involving sexual conduct, courts are divided on the issue of when pseudonymity is permissible. For example, this court has previously denied a plaintiff's motion to proceed under a pseudonym where the case "involve[d] romance, nude photos and an intimate relationship [ ]" because sensitive matters involving sexual activity—including sexual abuse, sexual assault, sexual

harassment, and rape—"routinely are handled without pseudonyms in this Court." *Doe v. Roe*, Case No. 3:25-cv-249, 2025 WL 1431134, at *1 (M.D. Tenn. May 19, 2025). However, the Court distinguished between the facts present in that case from a "paradigm revenge porn case." *Id*. at *2. In contrast, the instant case appears to be similar to a "paradigm revenge porn case." *Id.*

As a result, the Court finds that the issues Doe has raised will require the disclosure of information of the utmost intimacy and this factor weighs in favor of pseudonymity.

### B. Injury for Disclosure

The *Porter* factors are non-exhaustive, *Lowe*, 756 F. Supp. 3d at 546, and Doe makes additional arguments in support of his motion. Read in conjunction with Doe's amended complaint (Doc. No. 21), it appears to the Court that Doe asserts, in part, emotional distress in the form of humiliation, mental anguish, and emotional trauma as some of the injuries to be mitigated by pseudonymity. Doe asserts that he "has already suffered extreme public embarrassment since Defendants published the explicit videos of [Doe] on Defendants' website." (Doc. No. 8, PageID# 27.) Doe then argues that, absent pseudonymity, the revelation of his identity would serve to "compound . . . the very harm [Doe] has already suffered as a result of Defendants' disclosures." (*Id.*) Relatedly, Doe argues that, as a victim of a crime, the Tennessee Constitution and state statutes guarantee substantive rights "to be treated with dignity and compassion and to be free from harassment." (*Id.* at PageID# 27–28.) Doe argues that pseudonymity would ameliorate these harms. (Doc. No. 8.)

This Court has observed that, "[g]enerally, courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." *Doe v. Fedex Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021) (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999)). And, "[a]lthough 'psychological

5

harm to the plaintiff is the type of injury that could justify permitting [him] to proceed under a pseudonym, . . . plaintiffs alleging mental harm in this type of situation must "base their allegations . . . on more than just mere speculation."'" *Lowe*, 756 F. Supp. 3d at 546 (quoting *Ramsbottom v. Ashton*, Case No. 3:21-cv-00272, 2021 WL 2651188, at *6 (M.D. Tenn. June 28, 2021)) (alterations in original).

Here, this factor offers very little, if any, support to Doe's request for leave to proceed pseudonymously. Doe has not put forth evidence of the alleged harms he would suffer beyond unsupported and conclusory statements, and mere speculation is insufficient to grant the instant motion. *But see Fedex Ground Package Sys., Inc.*, 2021 WL 5041286, at *8 (finding the injury factor weighed strongly in favor of permitting a plaintiff to proceed under a pseudonym where the plaintiff's motion was supported by declarations establishing the injuries plaintiff would have suffered if she could not proceed under a pseudonym).

### C.    Section 6851(b)(3)(B)

Where, as here, a plaintiff seeks relief under § 6851, the statute explicitly provides courts the discretion to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). This provision alone could be sufficient enough to allow Doe to proceed under a pseudonym. *Doe v. Parsons*, Case 2:24-cv-00075, 2024 WL 5705632, at *1–*2 (M.D. Tenn. Dec. 16, 2024) (finding persuasive plaintiff's argument that § 6851 "'simplifies the inquiry'" where a plaintiff seeks pseudonymity because "it reflects explicit congressional approval" of pseudonymity in so-called "revenge porn" cases.); *Doe v. Campbell*, Civil Action 3:25-cv-836, 2025 WL 2824905, at *1 (M.D. Tenn. Oct. 3, 2025) ("[T]he statute creating one of [the] causes of action expressly contemplates anonymity for Plaintiffs invoking it [ ]" and "[t]he majority of courts faced with motions to proceed anonymously in § 6851 cases have

granted those motions.") (first citing § 6851(b)(3)(B), and then quoting *Parsons*, 2024 WL 5705632, at *2). This factor plainly weighs in favor of granting Doe's request.

### D. Prejudice to Defendants

Lastly, the Court does not find that the defendants will suffer any undue prejudice if Doe proceeds anonymously. Doe's identity is already known to the defendants, therefore the defendants will not be prejudiced in their ability to prepare for and defend this action. Moreover, the defendants failed to object to Doe's motion for pseudonymity. This factor similarly weighs in favor of permitting Doe to litigate the instant action pseudonymously.

## IV. Conclusion

Weighing the factors above, and for the foregoing reasons, the Court finds that Doe has provided sufficient justification to overcome the public's interest in open courts and therefore met the legal standards required to proceed under a pseudonym. Doe's motion (Doc. No. 8) is therefore **GRANTED** and Doe shall be permitted to proceed pseudonymously in this action. Doe's original motion to proceed under a pseudonym (Doc. No. 6) is **DENIED AS MOOT**.

IT IS SO ORDERED.

_____
LUKE A. EVANTS
United States Magistrate Judge