ORDER:
The motion is GRANTED.

Luke A. Evans
U.S. Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case Number: 3:25-CV-709 |
| | ) | |
| **DAVIS ADAMS,** ***et al.*** | ) | |
| | ) | JURY DEMAND |
| *Defendants.* | ) | |

**JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff John Doe and Defendant Katrina Huckerby respectfully move pursuant to Federal Rule of Civil Procedure 26(c), for entry of the narrowly tailored Protective Order submitted contemporaneously with this Motion. The proposed Order will permit Plaintiff to disclose his legal name to counsel for Defendant Katrina Huckerby and permit the parties to conduct discovery while protecting Plaintiff's identity and the intimate materials at the center of this action from public dissemination and use outside this litigation. In support, Plaintiff states as follows:

**BACKGROUND**

1. Plaintiff brings claims under 15 U.S.C. § 6851 and Tennessee law arising from Defendants' alleged publication, without Plaintiff's consent, of intimate videos depicting Plaintiff engaged in sexual activity. Plaintiff alleges that Defendants represented that the recordings would remain private, but later published the recordings on multiple internet platforms for commercial gain. Defendant Huckerby denies the allegations and maintains that she is not liable to Plaintiff under any theory.

2. Because public association of Plaintiff's legal name with the intimate materials would aggravate the privacy injury alleged in the First Amended Complaint, Plaintiff has proceeded publicly under the pseudonym "John Doe." See First Amended Complaint, Doc. 21.

3. Counsel for Defendant Huckerby has requested Plaintiff's legal name. Plaintiff recognizes Defendant's legitimate need to know the identity of the person bringing the claims in order to investigate the allegations and prepare a defense. Plaintiff is therefore prepared to disclose his legal name promptly, provided that reasonable safeguards prevent disclosure beyond those persons who need the information for this litigation.

4. The proposed Protective Order permits disclosure of Plaintiff's legal name and other identifying information to defense counsel and, when reasonably necessary, to the named parties, experts, witnesses, court personnel, and litigation-support professionals. It restricts use of that information to this litigation, requires appropriate acknowledgments, preserves the use of "John Doe" in public filings, and protects the intimate videos and related materials.

5. The proposed Order does not authorize automatic sealing of any judicial record. Any party seeking to file protected material under seal must separately comply with Local Rules 5.03 and 7.01 and applicable Sixth Circuit authority, and must seek relief narrowly tailored to the particular material at issue.

**ARGUMENT**

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, for good cause, to enter an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense," including by prescribing the persons who may be present for discovery and requiring that confidential information not be revealed or be revealed only in a specified manner. Fed. R. Civ. P. 26(c)(1)(D), (E), (G).

Good cause exists here. Plaintiff's legal name would connect him directly to allegations and evidence concerning highly private sexual activity and the alleged nonconsensual distribution of intimate recordings. Unrestricted dissemination of his identity or the intimate materials would risk causing the same type of embarrassment and privacy injury for which this action seeks redress. The federal statute underlying Count I specifically recognizes preservation of anonymity as an available form of relief: in an action under § 6851, a court may grant injunctive relief "maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

The requested protection is also appropriately limited. The proposed Order does not withhold Plaintiff's identity from Defendant Huckerby or her counsel, prevent investigation of Plaintiff's claims, restrict legitimate discovery, or bar use of admissible evidence at trial. Instead, it allows disclosure to persons who need the information for this case while prohibiting publication, harassment, retaliation, commercial use, and other dissemination unrelated to the litigation. The Order also establishes procedures for challenging designations and requesting additional relief.

Finally, the proposed Order preserves the distinction between confidentiality in discovery and sealing judicial records. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–07 (6th Cir. 2016). It expressly provides that designation under the Order creates no entitlement or presumption of sealing and that any request to seal must satisfy the governing, more demanding standard on a document-by-document basis. The proposed Order therefore protects the parties during discovery without displacing the public-access rules applicable to court filings.

## CONCLUSION

For these reasons, Plaintiff and Defendant Huckerby respectfully request that the Court enter the proposed Protective Order submitted contemporaneously with this Motion and grant such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Seamus T. Kelly
Seamus T. Kelly, Esq. (TN BPR #032202)
David J. Goldman, Esq. (TN BPR #035151)
MUSIC CITY LAW, PLLC
1033 Demonbreun St., Ste. 300
Nashville, Tennessee 37203
(615) 200-0682
seamus@musiccityfirm.com
david@musiccityfirm.com

*Counsel for Plaintiff John Doe*

s/ Andrew P. Goldstein
Andrew P. Goldstein, Esq., BPR # 037041
COLE LAW GROUP, P.C.
1648 Westgate Circle, Suite 301
Brentwood, TN 37027
Tel: (615) 326-9059
Fax: (615) 942-9514
agoldstein@colelawgrouppc.com

*Counsel for Defendant Katrina Huckerby*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on October 9, 2026, by email and/or United States mail to the following:

Davis Adams
2915 Creek Park Dr
Marietta, GA 30068

Harpeth Entertainment Group, Inc.
*c/o* Janice Adams
2584 Deer Creek Lakes Drive
Deerfield Beach, FL 33442

*/s/ Seamus T. Kelly*
Seamus T. Kelly